UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHANE VICTOR EDSTROM,

Petitioner,

v.

CONNIE ROEHRICH, Warden, SHERYL RAMSTAD HVASS, Commissioner, and MIKE HATCH, State Attorney General,

Respondents.

Civil No. 01-1280 (PAM/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner was convicted in 1997 on charges of assault and criminal damage to property. He was sentenced to 86 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Faribault, Minnesota.

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed pursuant to 28 U.S.C. § 2254, they may be applied to other habeas cases as well. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

AUG 1 5 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Following his conviction, Petitioner filed an appeal with the Minnesota Court of Appeals. In a decision dated October 20, 1998, the Court of Appeals upheld Petitioner's conviction and sentence. State v. Edstrom, No. C7-97-2286 (Minn.App. 1998) 1998 WL 727349 (unpublished opinion). As far as the Court can tell, Petitioner did not seek further review in the Minnesota Supreme Court.

Petitioner later filed a so-called "organic petition for writ of habeas corpus" in the state district court for Ramsey County, Minnesota. That petition was denied, without a ruling on the merits of Petitioner's claims. Thereafter, Petitioner filed a similar habeas petition with the Minnesota Supreme Court, which also was summarily denied.

On July 16, 2001, Petitioner commenced the present action by filing a self-styled pleading entitled "'Organic' Petition For Writ Of Habeas Corpus Faciendum Et Recipiendum Ad Testificandum Pursuant To U.S. Const. Art 1 § 9 clause 2." (Docket No. 1.) Because Petitioner did not present his habeas corpus petition on the form prescribed for use in this District, as required by Local Rule 9.3,[2] the Court directed the Clerk to return the petition to Petitioner pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States District Courts. (See Order dated July 24, 2001; [Docket No. 3].) The Clerk was also directed to furnish Petitioner with a blank copy of the proper form, and Petitioner was granted until August 10, 2001, to file an Amended Petition using that

---

[2] Local Rule 9.3 requires that

"Petitions for a Writ of Habeas Corpus, whether brought by a state or federal prisoner, [and] motions filed pursuant to 28 U.S.C. § 2255, ... shall be submitted for filing in a form which is substantially in compliance with forms available from the Clerk of Court."

form. Because it appeared that this action was commenced after the one-year statute of limitations set forth at 28 U.S.C. § 2244(d), Petitioner was also ordered to show cause why his petition should not be dismissed as untimely.

Instead of filing an Amended Petition, as clearly required by the Court's prior order, Petitioner has attempted to re-file his original petition. The original petition was re-submitted as an attachment to a new document entitled "Response To Magistrate Jonathan Lebedoff's Oreder [sic] Dated 7-24-01." (Docket No. 5.) In his "Response" to the prior order, Petitioner makes it quite clear that he has no intention of filing an Amended Petition. He insists that his so-called "organic petition" should be entertained, just as it was originally filed. The Court disagrees.

## II. DISCUSSION

Contrary to the express requirement of Local Rule 9.3, Petitioner's application for habeas corpus relief is not "substantially in compliance with" any of the forms that are available through the Clerk of Court's Office. Petitioner has deliberately refused to use the prescribed forms because, he contends, he is not seeking relief under 28 U.S.C. § 2254, 28 U.S.C. § 2241, or any other federal statute.

According to Petitioner, state prisoners do not have to rely on any federal statute to seek and obtain habeas corpus relief in federal court, because federal habeas review is available directly by and through the Constitution. That, however, is simply not the case. The Constitution itself does not provide any specific habeas corpus remedy; it merely states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S.

Constitution, Art. I, § 9. Federal courts are authorized to grant habeas corpus relief by federal statutes -- not by the Constitution itself. As the Supreme Court pointed out in Felker v. Turpin, 518 U.S. 651, 664 (1996):

> "we have long recognized that 'the power to award the writ [of habeas corpus] by any of the courts of the United States, must be given by written law,' Ex Parte Bollman, 8 U.S. (4 Cranch) 75, 94... (1807), and we have likewise recognized that judgments about the proper scope of the writ are 'normally for Congress to make.' Lonchar v. Thomas, 517 U.S. 314, 323... (1996)." (Emphasis added.)

See also Brown v. Allen, 344 U.S. 443, 500 (1953) (Opinion of Frankfurter, J.) ("[i]t is for this Court to give fair effect to habeas corpus jurisdiction as enacted by Congress") (emphasis added); Schlup v. Delo, 513 U.S. 298, 350 (1995) (Scalia, J. dissenting) (noting that "federal courts have no inherent power to issue the writ").

At present, the statutory authority which allows federal courts to grant habeas corpus relief is set forth at 28 U.S.C. §§ 2241-2266. If a prisoner or other detainee is to be granted habeas corpus relief in federal court, it must be done pursuant those statutes.[3] For those who wish to challenge the constitutionality of a state criminal conviction or

[3] Petitioner apparently does not want to be restricted to the post-conviction remedies provided by the current statutes, because he believes that the availability of habeas corpus relief has somehow been diminished by such statutes. He believes that the grounds for granting habeas corpus relief were considerably broader at a much earlier time in our Nation's history, well before the present habeas corpus statutes were enacted. In fact, the exact opposite is true. Since the adoption of the Constitution, there actually has been a significant expansion of the circumstances in which federal courts may grant habeas corpus relief. Petitioner is mistaken if he believes that federal courts had broader authority to grant habeas corpus relief to state prisoners at our Nation's inception. See Stone v. Powell, 428 U.S. 465, 474-78 (1976) (discussing how "the substantive scope of the writ was expanded" after the ratification of the Constitution); Brown, 344 U.S. at 499 (Opinion of Frankfurter, J.) ("[i]t was not until the Act of 1867 that the [federal courts'] power to issue the writ was extended to an applicant under sentence of a State court").

sentence, 28 U.S.C. § 2254 provides the only available federal remedy. By declining the Court's invitation to seek relief under that statute, (by filing an amended petition on the prescribed form), Petitioner has eschewed the only means by which a federal district court can review his criminal conviction or sentence.

Because Petitioner has not filed an amended habeas corpus petition as required by the Court's prior order, and he has expressly indicated that he does not intend to do so, it is now recommended that he be deemed to have abandoned this action and that the action be summarily dismissed. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). It will be recommended that the petition be dismissed without prejudice, so that Petitioner will still have an opportunity to seek federal habeas corpus review, if he ever decides to pursue the remedy provided by 28 U.S.C. § 2254. If he ever chooses to do that, however, he will have to show that his petition is not barred by the one-year statute of limitations prescribed by 28 U.S.C. § 2254(d).[4]

---

[4] As previously noted, (p. 3, supra), the Court's prior order directed Petitioner to show cause why his petition should not be dismissed as untimely under the statute of limitations set forth at 28 U.S.C. § 2244(d). He was required to submit an affidavit describing "all of the appeals and state post-conviction proceedings that he has pursued, including the dates when each such proceeding was commenced and completed at the trial court level and at the various appellate court levels (if applicable)." (Emphasis in the original order.) Despite this clear (and highlighted) instruction, Petitioner's response to the Court's order, (i.e., his "History Of This Proceeding," [Docket No. 5]), includes no dates for any post-conviction events. Because Petitioner did not provide a complete chronology, with dates, the Court cannot presently say for sure whether it is too late for him to seek federal habeas relief. Based on the limited information in the present record, however, it certainly appears that Petitioner does have a statute of limitations problem.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 14, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by AUG. 31, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500